UNITED STATES COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ZENA DOBRYAKOV,                                                      Civil Action No.


                                        Plaintiff,


        -against-                                                    **COMPLAINT**


BRICKHOUSE FOOD LLC, and
NERTILA KAJA a/k/a JOHN KAJA, individually,


                                                    Plaintiff Demands a Trial by Jury


                                        Defendants.
-----------------------------------------------------------------------X


        Plaintiff, ZENA DOBRYAKOV, (hereinafter referred to as "Plaintiff" or
"DOBRYAKOV"), by and through Plaintiff's attorneys, DEREK SMITH LAW GROUP, PLLC,
as and for Plaintiff's Complaint in this action against the Defendant, respectfully alleges as follows
upon information and belief:

                                **NATURE OF CASE**

        ZENA DOBRYAKOV (hereinafter referred to as "Plaintiff" and/or "DOBRYAKOV") is
seeking damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, being
harassed, sexually assaulted and discriminated against by her employer on the basis of her
sex/gender, together with being subjected to a hostile work environment, retaliation and wrongful
termination.

## JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. On or about May 21, 2021, Plaintiff, ZENA DOBRYAKOV, submitted a Charge to the U.S. Equal Employment Opportunity Commission ("EEOC").   The federal charge number is 520-2021-03215.

5. On or about December 3, 2021, Plaintiff, ZENA DOBRYAKOV, received a Right to Sue Letter from the EEOC for Federal Charge Number 520-2021-03215.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue letter from the EEOC.

7. Venue is proper because the events giving rise to Plaintiff's claims in the State of New York within the County of Rockland in the jurisdiction of the Southern District of New York.


## PARTIES

8. Plaintiff is an individual female who is a resident of the State of New York, Orange County.

9. At all times material, Defendant Brickhouse Food LLC (hereinafter referred to as "BRICKHOUSE") is a domestic limited liability corporation duly existing by the virtue and laws of the State of New York that conducts business in the State of New York.

10. At all times material, Brickhouse Food LLC is a restaurant, food and beverage company with a location in Rockland County, New York and operates Brickhouse Food and Drink, a restaurant and bar in Nyack, NY.

11. The owners and managers of Defendant BRICKHOUSE also own and operate another restaurant and bar nearby in Nyack, NY called The Taco Lounge.

12. At all times material, Defendant employed Plaintiff as a bartender at Brickhouse.

13. At all times material, NERTILA KAJA a/k/a JOHN KAJA (hereinafter referred to as "KAJA" and/or "JOHN") was the Manager at Brickhouse and held supervisory authority over Plaintiff, controlling many of Plaintiff's job duties. KAJA held the power to hire and fire Plaintiff as well as control over other material aspects of Plaintiff's employment.

## **MATERIAL FACTS**

14. Defendants hired Plaintiff on or about March 10, 2021.

15. On Plaintiff's first day, on March 10, 2021, after her shift on that day, Defendant KAJA asked Plaintiff if she was available for a drink and food to discuss her first day.

16. Plaintiff accompanied KAJA and afterwards, KAJA asked Plaintiff if she wanted to see the new restaurant, also owned and operated by Defendant BRICKHOUSE, that Plaintiff would also be working in once they opened, The Taco Lounge.

17. Defendant KAJA told Plaintiff that they would look at The Taco Lounge and discuss her transition to working shifts at the soon-to-be newly opened restaurant.

18. KAJA parked the vehicle in The Taco Lounge's parking lot and made small talk with Plaintiff. KAJA then asked Plaintiff, "CAN YOU SUCK MY DICK?"

19. Plaintiff, who was shocked at the vulgar and inappropriate, immediately responded, "NO! I AM NOT THAT TYPE OF GIRL!"

20. KAJA then demanded, more aggressively, "COME ON, SUCK MY DICK!" Plaintiff, again, responded "NO!"

21. In response, KAJA reached over and aggressively shoved his hands down into Plaintiff's pants without Plaintiff's consent, groping Plaintiff's genitals.

22. Plaintiff grabbed KAJA's hands and pulled them out of her pants and yelled, "NO! YOU CANNOT DO THAT!"

23. KAJA opened the front of his pants, exposing his genitals and started rubbing his penis and while staring at Plaintiff, opened his door and proceeded to walk around to Plaintiff's door to open it.

24. Plaintiff, fearful for her safety, hoped KAJA would just let her exit the vehicle.

25. Instead, KAJA blocked her from exiting the vehicle and stroked his erect penis.

26. KAJA said, "I WANT TO PUT IT IN!"

27. Plaintiff yelled out, "NO!" and was stunned and in shock because of KAJA's behavior.

28. KAJA then grabbed Plaintiff and pulled down Plaintiff's pants in an attempt to rape her.

29. As he was masturbating and staring at Plaintiff, KAJA told Plaintiff, "DO NOT MAKE ME FINISH ALONE!" "IT WILL NOT TAKE LONG!"

30. Plaintiff cried out multiple times, "NO! NO! NO! NO!"

31. KAJA aggressively stood in front of Plaintiff and continued to masturbate frantically until he ejaculated in front of Plaintiff.

32. Plaintiff was in shock and was scared for her safety. Plaintiff did not know what to do.

33. The following day, March 11, 2021, Plaintiff arrived to work still processing the sexual assault and attempted rape.

34. KAJA was there at the time at Plaintiff's arrival and nonchalantly told Plaintiff, "WEAR REVEALING CLOTHING TO MAKE GOOD TIPS. IT IS LIKE SHOW BUSINESS, YOU MUST SHOW IT ALL OFF."

35. Plaintiff noticed during her shift that KAJA would routinely give female customers more liquor than the legal limit allowed.

36. KAJA regularly offered rides to intoxicated female customers.

37. Later that night, Plaintiff told her coworker Brian how KAJA sexually assaulted and tried to rape her the night before.

38. While Plaintiff was recounting the events of the previous night to Brian, KAJA walked in and told Plaintiff, "I AM SORRY ABOUT LAST NIGHT."

39. The following day on around March 13, 2021, still traumatized and confused about how to handle the sexual assault and attempted rape by KAJA, Plaintiff texted one of the other managers, Kim, to let her know that Plaintiff was resigning effective immediately, because she could not remain working with KAJA.

40. Kim immediately asked why and Plaintiff told Kim what had happened with KAJA, describing the sexual assault and attempted rape.

41. Kim asked Plaintiff to come in the following day so she could explain in detail what had happened with KAJA the evening of the sexual assault and attempted rape.

42. Plaintiff went to the restaurant the next day to meet with Kim. Kim explained to Plaintiff, "I TOLD JOHN [KAJA] THAT YOU QUIT, AND WHEN I DID, I COULD TELL

SOMETHING WAS WRONG BECAUSE OF HOW DEFENSIVE HE BECAME AND BY THE THINGS THAT HE SAID."

43. Kim then drove Plaintiff to the parking lot of The Taco Lounge, which is owned and operated by Defendant, where the sexual assault and attempted rape took place, and Plaintiff described how KAJA sexually assaulted her, masturbated in front of her and tried to rape her.

44. The location of the sexual assault and attempted rape was within the scope of a video surveillance camera for The Taco Lounge, that was aimed at the parking lot.

45. Kim promised Plaintiff that they would review the video footage and contact a detective to investigate the matter.

46. Hours later, no detective ever arrived and Kim never followed up on her promise to Plaintiff to have this matter investigated.

47. Kim never reviewed the video footage with Plaintiff.

48. Plaintiff was fearful to walk to her car alone, afraid that KAJA would be waiting for her to attack her for complaining to Kim about the sexual assault and attempted rape.

49. Plaintiff left as quickly as possible.

50. Kim emailed and texted Plaintiff that she should fill out an incident report as soon as possible.

51. After Plaintiff submitted a written incident report to Defendant, Kim falsely stated Plaintiff that it was purportedly not Defendant BRICKHOUSE's responsibility, that Kim could not do anything to help Plaintiff and that Plaintiff should not bother contacting a lawyer.

52. Defendant's Manager Kim stonewalled Plaintiff's attempts to report KAJA's sexual assault and attempted rape, and thwarted Plaintiff's attempts to show Kim the video, and have the incident investigated, despite the humiliation, discomfort, and ongoing fear Defendant's Managers Kim and Defendant KAJA forced Plaintiff to endure.

53. Plaintiff gave a detailed description of the sexual assault and attempted rape to Defendants that included detailed descriptions, place of occurrence as well as what was said to Plaintiff during the attack.

54. Despite the detailed description of the sexual assault, attempted rape and supporting evidence Plaintiff provided to Defendant, Defendants told Plaintiff that there was nothing that could be done after promising that they would have a detective investigate the incident.

55. Defendant took no meaningful investigatory action in response to Plaintiff's complaint about sexual assault and attempted rape.

56. Defendant failed to take any kind of remedial action to address Plaintiff's complaint about sexual assault and attempted rape.

57. In response to Plaintiff's expressed frustration Defendant informed Plaintiff that they would contact a detective to investigate the matter.  However shortly thereafter Defendant reneged on this representation and refused to engage in communication with the police.

58. Plaintiff was faced with the decision to either keep working under the boss who sexually assaulted her and attempted to rape her or leave the company and forfeit a secure paycheck plus lucrative tips.

59. Defendant discriminated against Plaintiff because of her sex/gender, and because she complained of and opposed the unlawful conduct of Defendant related to the above protected classes.

60. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

61. As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments including depression,

anxiety, sleeplessness, headaches, hair loss and hypertension.

62. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured irreparable damage to her professional reputation.

63. As a result of the acts and conduct complained of herein, Plaintiff will suffer the loss of income, the loss of a salary, loss of tips and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

64. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

65. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct to which Defendant subjected Plaintiff.

66. Defendant's conduct constitutes a continuing violation. Plaintiff claims a continuous practice of discrimination and claims a continuing violation. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## TITLE VII
## (NOT AGAINST INDIVIDUAL DEFENDANT)

67. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer: "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin; . . ."

69. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.,*

by subjecting Plaintiff to discrimination on the basis of her sex/gender, together with causing

a hostile work environment based on the same.

70. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**TITLE VII**
**(NOT AGAINST INDIVIDUAL DEFENDANTS)**

71. Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

72. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it

shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any

of his employees . . . because [s]he has opposed any practice made an unlawful employment

practice by this subchapter, or because [s]he has made a charge, testified, assisted or

participated in any manner in an investigation, proceeding, or hearing under this subchapter."

73. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.,*

by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment

because of her opposition to the unlawful employment practices of Defendants.

74. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## THE THIRD CAUSE OF ACTION FOR DISCRIMINATION
## AND HOSTILE WORK ENVIRONMENT
## UNDER NEW YORK STATE LAW

75. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

76. New York State Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

77. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex, together with sexual assault, potential rape, and causing a hostile work environment.

78. Defendants violated the above provisions and Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER NEW YORK STATE LAW

79.   Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80.   New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

81.     Defendants violated the above provisions and Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

## AS A FIFTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## NEW YORK STATE LAW

82.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83.     New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

84.     Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

85.     Defendants violated the above provisions and Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

## AS A SIXTH CAUSE OF ACTION FOR
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

86.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

87.     Defendants engaged in extreme and outrageous conduct.

88.     Defendant intended to cause, and/or disregard substantial and legally significant actions of their agents and employees, causing severe emotional distress to the Plaintiff.

89.     At all times herein mentioned, there exists a causal connection between the Defendants' conduct and the injuries sustained by the Plaintiff.

90.     That as a result of said conduct, Plaintiff suffered and continues to suffer from severe mental, emotional, and psychological distress.

91.     As a direct result of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## AS A SEVENTH CAUSE OF ACTION FOR
## ASSAULT AND BATTERY
## (AGAINST DEFENDANT NERTILA KAJA A/K/A JOHN KAJA, INDIVIDUALLY)

92.     Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

93.     That the aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendants, their agents, servants and/or employees, suddenly and without provocation did physically assault and batter Plaintiff herein.

94.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## BY VICTIM OF CONDUCT CONSTITUTING CERTAIN SEXUAL OFFENSES
## FORCIBLE TOUCHING AND SEXUAL ABUSE;
## (AGAINST DEFENDANT NERTILA KAJA A/K/A JOHN KAJA, INDIVIDUALLY)

95.     Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

96.     § 130.52 of the New York State Penal Law provides as follows: Forcible Touching—A person is guilty of forcible touching when such person intentionally, and for no legitimate purpose: 1. forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire; or 2. subjects another person to sexual contact for the purpose of gratifying the actor's sexual

desire and with intent to degrade or abuse such other person while such other person is a passenger on a bus, train, or subway car operated by any transit agency, authority or company, public or private, whose operation is authorized by New York state or any of its political subdivisions. For the purposes of this section, forcible touching includes squeezing, grabbing or pinching. NY CLS Penal § 130.52

97.      § 130.65 of the New York State Penal Law provides as follows: Sexual Abuse in the first degree—A person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact: 1. By forcible compulsion; or 2. When the other person is incapable of consent by reason of being physically helpless; or 3. When the other person is less than eleven years old; or 4. When the other person is less than thirteen years old and the actor is twenty-one years old or older. NY CLS Penal § 130.65. Sexual Abuse in the First Degree is a Class D Felony.

98.  Defendant NERTILA KAJA A/K/A JOHN KAJA violated the herein sections as set forth herein.

99.  Defendant NERTILA KAJA A/K/A JOHN KAJA sexually assaulted Plaintiff in a way that was in violation of the above.

100. § 213-c of the Civil Practice Law and Rules provides as follows: Action by victim of conduct constituting certain sexual offenses: Notwithstanding any other limitation set forth in this article, a civil claim or cause of action to recover from a defendant as hereinafter defined, for physical, psychological or other injury or condition suffered by a person as a result of acts by such defendant of rape in the first degree as defined in section 130.35 of the penal law, or criminal sexual act in the first degree as defined in section 130.50 of the penal law, or aggravated sexual abuse in the first degree as defined in section 130.70 of the penal law, or course of sexual conduct against a child in the first degree as defined in section 130.75 of the penal law may be brought within five

years. As used in this section, the term "defendant" shall mean only a person who commits the acts described in this section or who, in a criminal proceeding, could be charged with criminal liability for the commission of such acts pursuant to section 20.00 of the penal law and shall not apply to any related civil claim or cause of action arising from such acts. Nothing in this section shall be construed to require that a criminal charge be brought or a criminal conviction be obtained as a condition of bringing a civil cause of action or receiving a civil judgment pursuant to this section or be construed to require that any of the rules governing a criminal proceeding be applicable to any such civil action. NY CLS CPLR § 213-c

101.    Defendant NERTILA KAJA A/K/A JOHN KAJA is civilly liable under § 213-c for violating all of the above Sections of the New York State Penal Law as described above.

102.    Defendants violated the above law as set forth herein.

## INJURY AND DAMAGES

103.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss and/or partial loss of a career and the loss and/or partial loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper, including a judgment against Defendants:

A.  Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII, state common law, New York State Executive Law §296 et. Seq. and that the Defendant harassed, discriminated against and retaliated against the Plaintiff on the basis of her sex/gender.

B.  Awarding damages to the Plaintiff, retroactive to the date of her termination, for all lost wages and benefits, including lost opportunity, resulting from Defendants' unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional, psychological, and physical injuries, distress, pain and suffering, and for injury to her reputation in an amount that exceeds the jurisdictional limit of all lower courts;

D.  Awarding Plaintiff punitive damages;

E.  Awarding attorneys fees to Plaintiff;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Dated: February 18, 2022
New York, New York                              **DEREK SMITH LAW GROUP, PLLC**

                                    By:     **/s/ Seamus Barrett**
                                            Seamus Barrett, Esq.
                                            One Penn Plaza, Suite 4905
                                            New York, New York 10119
                                            (212) 587-0760