UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZENA DOBRYAKOV,

22-CV-1390 (NSR)

Plaintiff,

-v.-

BRICKHOUSE FOOD LLC,
and NERTILA KAJA a/k/a
JOHN KAJA, Individually

Defendants.
------------------------------------------------------------X

DEFENDANT KAJA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS TO DISMISS KAJA'S COUNTERCLAIM AND TO AMEND THE COMPLAINT

Arthur H. Forman
98-20 Metropolitan Avenue
Forest Hills, New York 11375
Tel: 718-268-2616

*Attorney for Defendant Kaja*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................3-6

I. PRELIMINARY STATEMENT ......................................................................7

II. ARGUMENT ......................................................................................................8

A. DEFENDANT'S COUNTERCLAIM FOR SLANDER *PER SE* IS NOT BARRED BY TITLE VII OR THE NYSHRL.......................................................8

a. Title VII ……………………………………………….………………9

b. New York State Human Rights Law……………………….………..….10

B. DEFENDANT HAS SUFFICIENTLY PLED A CAUSE OF ACTION FOR SLANDER *PER SE*.................................................10

C. DEFENDANT'S COUNTERCLAIM IS NOT BARRED BY NEW YORK'S ANTI-SLAPP STATUTE..........................................................12

D. PURSUANT TO CPLR 203(d) DEFENDANT'S COUNTERCLAIM WAS TIMELY ....................................................................13

E. THE COURT SHOULD EXERCISE ANCILLARY JURISDICTION OVER DEFENDANT'S COUNTERCLAIM ..........................15

F. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT TO ADD A CAUSE OF ACTION FOR RETALIATION SHOULD BE DENIED FOR FUTILITY...................................................................16

a. A Counterclaim Does Not Constitute Retaliation Under New York Law.................................................................17

b. A Counterclaim Asserted by an Individual Defendant Does Not Constitute Retaliation Under Federal Law...............................18

G. SHOULD THE COURT FIND DEFENDANT'S COUNTERCLAIM DEFICIENT, LEAVE TO AMEND SHOULD BE GRANTED.........................19

III. CONCLUSION .......................................................................................................20

# TABLE OF AUTHORITIES

**Cases** **Page**

**Federal Cases**

*Albert v. Loksen*
239 F. 3d 256 (2d Cir. 2001) ....................10, 12

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ....................11

*Biro v. Conde Nast,*
963 F.Supp.2d 255 (S.D.N.Y. 2013) ....................10

*Block v. First Blood Assocs.*
988 F. 2d 344 (2d Cir. 1993) ....................17

*Carroll v. Trump*
590 F. 3d 575 (S.D.N.Y. 2022) ....................13, 17

*Chambers v. Time Warner, Inc*
282 F. 3d 147 (2nd Cir., 2002) ....................11

*Conetta v. Nat'l Hair Care Ctrs. Inc.*
236 F. 3d 67 (1st Cir. 2001) ....................9

*DiFolco v. MSNBC Cable LLC*
622 F. 3d 104 (2nd Cir. 2010) ....................11

*Douyon v. N.Y.C. Dept. of Education,*
665 Fed. Appx. 54 (2d. Cir. 2016) ....................19

*Est. of Mantle v. Rothgeb*
537 F. Supp. 2d 533 (S.D.N.Y. 2008) ....................15

*Estate of Mandarino v. Mandarino*
699 F. Supp. 2d 646 (S.D.N.Y. 2010) ....................14

*Fischkoff v. Iovance Biotherapeutics, Inc.*,
17-CV-5041 (AT)(GWG), 2018 WL 4574890 at *1 (S.D.N.Y. July 5, 2018) ....................18

*Glass v. IDS Financial Services, Inc.*
778 F. Supp 1028 n.53 (D. Minn. 4th Div. 1991) ....................18

*Harding v. Dorilton Capital Advisors, LLC*,
22-CV-01726 (CM), 2022 WL 10650256 at *1 (S.D.N.Y. Oct. 18, 2022) .......................12, 19

*Hayden v. County of Nassau*
180 F. 3d 42 (2nd Cir. 1999) ...........................................................................................20

*Horoshko v. Citibank, N.A.*
373 F. 3d 248 (2d Cir. 2004) ...........................................................................................20

*ImageTrend, Inc., v. Locality Media, Inc.*
22-CV-0254 (WMW)(DTS), 2022 WL 17128009 at *1 (D. Minn. Nov. 22, 2022) ..............13

*Johnson v. Univ. of Cincinnati*
215 F. 3d 561 (6th Cir. 2000) ...........................................................................................9

*Kesner v. Buhl*
590 F. Supp. 3d 680 (S.D.N.Y. 2022) ...............................................................................13

*Khalil v. Fox Corporation*
21-Civ-10248 (LLS), 2022 WL 4467622 at *1 (S.D.N.Y. Sept. 26, 2022) ...........................13

*Kim v. Kimm*,
884 F. 3d 98 (2nd Cir. 2018) ...........................................................................................20

*Local 802 v. Parker Meridien Hotel*
145 F. 3d 85 (2nd Cir. 1998) ...........................................................................................17

*Macaluso v. U.S. Life Ins. Co.*
No. 03-CV-2337(GEL), 2004 WL 1497606 at *1 (S.D.N.Y. July 2, 2004) .....................15, 16

*Meridien Int'l Bank Ltd. v. The Government of the Republic of Liberia*
23 F. Supp. 439 (S.D.N.Y. 1998) .....................................................................................14

*Patterson v. County of Oneida, N.Y.*
375 F. 3d 206 (2d Cir. 2004) ...........................................................................................19

*Percy v. New York (Hudson Valley DDSO)*
264 F. Supp. 3d 574 (S.D.N.Y. 2017) ...............................................................................19

*Riddell Sports Inc. v. Brooks*
872 F. Supp. 2d 73 (S.D.N.Y. 1995) ……………………..……………………………….15

*Ruffolo v. Oppenheimer & Co.*
987 F. 2d 129 (2d Cir. 1993) ...........................................................................................17

*Sanders v. New World Design Build, Inc.*
No. 19-CV-1071 (VSB), 2020 WL 1957371 at *1 (S.D.N.Y. Apr. 23 2020) ........................16

*Thai v. Cayre Group, Ltd.*
726 F. Supp. 2d 323 (S.D.N.Y. 2010) ........................................................................20

*Tomka v. Seiler Corp.*
66 F. 3d 1295 (2d. Cir. 1995) ...................................................................................19

*Ulrich v. Soft Drink, Brewery Workers & Delivery Emps.*
425 F. Supp. 3d 234 (S.D.N.Y. 2019) ........................................................................19

*Whimsicality, Inc. v. Battat*
27 F. Supp. 2d 456 (S.D.N.Y. 1998) ..........................................................................17

**<u>State Cases</u>**

*Arevalo v. Burg*
129 A.D. 3d 417 (1st Dept. 2015) ...........................................................................18, 19

*Balanoff v. Doscher*
140 A.D. 3d 995 (2nd Dept. 2016) ...............................................................................14

*Farro v. Schochet*,
190 A.D. 3d 698 (2nd Dept. 2021) ...............................................................................14

*Forrest v. Jewish Guild for the Blind*,
3 N.Y. 3d 295 (2004) .............................................................................................10, 18

*Herlihy v. Metropolitan Museum of Art*
214 A.D. 2d 250 (1st Dept. 1995) ...............................................................................11

*Klein v. Town & Country Fine Jewelry Group, Inc.*
283 A.D. 2d 368 N.Y.S. 2d 42 (1st Dept., 2001) ...................................................18, 19

*Liberman v. Gelstein*
80 N.Y.2d 429 (1992) ...................................................................................................12

*Matter of Jenkins v. Astorino*
155 A.D. 3d 733 (2nd Dept. 2017) ...............................................................................14

*Star Auto Sales of Queens, LLC v. Filardo*
203 A.D. 3d 865 (2d Dept. 2022) .................................................................................14

*Stega v. New York Downtown Hosp.*
31 N.Y.3d 661 (2018) ...................................................................................................11

*Taub v. Amana Imports, Inc.*
140 A.D. 2d 687 (2ND Dept. 1988) ........................................................................................11

*Wender v. GA Global Markets, LLC*
147 A.D. 3d 663 (1st Dept. 2017) ..........................................................................................19

**STATUTES AND RULES**

**Federal**

Civil Rights Act of 1964 (Title VII) ..........................................................................*passim*

Fed. R. Civ. P. 8(a)(2) ..........................................................................................................11

Fed. R. Civ. Pro. 12(b)(6) ..............................................................................................11, 12

**State**

New York Human Rights Law ..............................................................................8, 10, 11

CPLR 3211(a) .......................................................................................................................14

CPLR 203(d)...........................................................................................................14, 15, 16

N.Y. Civil Rights Law § 76-a (anti-SLAPP statute)...........................................................13, 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ZENA DOBRYAKOV,

22-CV-1390 (NSR)

Plaintiff,

-v.-

BRICKHOUSE FOOD LLC,
and NERTILA KAJA a/k/a
JOHN KAJA, Individually

Defendants.
-----------------------------------------------------------X

DEFENDANT KAJA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS TO DISMISS KAJA'S COUNTERCLAIM AND AMEND THE COMPLAINT

## I. **PRELIMINARY STATEMENT**

Plaintiff Zena Dobryakov (the, "Plaintiff") commenced this action against Defendant Nertila Kaja a/k/a John Kaja (the, "Defendant")[1] seeking remedies for alleged employment discrimination and retaliation in violation of New York law, intentional infliction of emotional distress, assault, and forcible touching (Dkt. 1). In his Answer to the Complaint, Kaja interposed a counterclaim for slander *per se* against Plaintiff. (Dkt. 13) Plaintiff now moves to dismiss Defendant's counterclaim on five grounds. Pl's Memo to Dismiss, p. 2

As will be argued below, none of the five grounds supports Plaintiff's motion to have the court dismiss the counterclaim and award Plaintiff the fees and costs for bringing the motion.

Plaintiff has further moved to amend her answer to, *inter alia,* add a claim against

[1] As disclosed in the Answer, Defendant's actual name is Erjon Shehaj. (Doc. No. 13)

Defendant alleging that by interposing the counterclaim against Plaintiff, Defendant may be held liable to Plaintiff for retaliation. As also argued below, there is no cause of action under New York law for retaliation against a defendant who interposes a counterclaim in a discrimination action. Similarly, Title VII does not support claims for retaliation against individuals. Therefore, Plaintiff's motion to amend as to Defendant, Kaja, should be denied for futility.[2]

In her complaint, Plaintiff alleges six causes of action against Defendant under New York law (Dkt. 1, ¶¶75-102). Although Plaintiff alleges in the complaint that the district court has jurisdiction because the action is based upon claims brought pursuant to federal laws, there are only two causes of action in the complaint that are based on federal law, and both are asserted only against the co-defendant Brickhouse Food LLC. (Dkt. 1, ¶¶67-74). Neither of the two federal claims are asserted against Defendant Kaja. All the claims against Defendant Kaja are based on New York law.

Nevertheless, Plaintiff argues in her two motions that the court should exercise supplemental jurisdiction over Defendant, while also arguing in her motion to dismiss that the court should decline to exercise supplemental jurisdiction over Defendant's counterclaim.

The patent contradiction in, as well as lack of authority for, Plaintiff's position will be shown below.

## II. ARGUMENT

### A. DEFENDANT'S COUNTERCLAIM FOR SLANDER *PER SE* IS NOT BARRED BY TITLE VII OR THE NYSHRL

Plaintiff contends that both the New York State Human Rights Law and Title VII preclude Defendant from interposing a counterclaim against her for slander. Plaintiff argues that

[2] Defendant Kaja does not oppose Plaintiff's motion to amend the complaint to change the name of Defendant and add an additional party.

her statements to a co-worker that she was sexually harassed were privileged under both statutes. However, Plaintiff's argument waivers between asserting that the statutes provide a general, all-encompassing privilege and a qualified one.

**a. <u>Title VII</u>**

At page 7 of her Memo to Dismiss, Plaintiff cites to two federal court decisions for the contention that statements opposing discrimination are privileged when communicated to a co-worker. However, the two cases only discuss whether the protections of Title VII apply to statements made to a co-worker or only to a supervisor. That issue is not on point. Neither case addresses the issue of whether the protection is an absolute or a qualified privilege.

The first court decision relied on by Plaintiff to support her argument that statements complaining of discrimination are privileged pursuant to Title VII, *Conetta v. Nat'l Hair Care Ctrs., Inc*., 236 F.3d 67, 76 (1st Cir. 2001), is not on point because it involved enforcement of a default judgment. The court merely discussed whether the complaint stated a valid claim for retaliation for statements the plaintiff made to a co-worker. Because the defendant had defaulted in filing an answer to the complaint, the issue of whether the alleged statements were protected from claims of defamation was not discussed by the court in the decision.

The second decision cited by Plaintiff, *Johnson v. Univ. of Cincinnati*, 215 F. 3d 561 (6th Cir. 2000), actually mentions with approval the rule that statements opposing discrimination made to a co-worker are subject to only a qualified privilege. Although the issue was not before the court, it stated, "Under Title VII, an employee is protected against employer retaliation for opposing any practice that the employee reasonably believes to be a violation of Title VII." *Id.* at 578. By including the phrase, 'reasonably believes,' the court was citing with unspoken approval the rule that such statements are not absolutely privileged.

In fact, at pages 7 to 8 of her Memo to Dismiss, Plaintiff correctly acknowledges that under Title VII statements opposing discrimination are subject to a qualified privilege, not an absolute privilege. Plaintiff contends, however, that to avoid the qualified privilege, Defendant must plead that the statements were made by Plaintiff with 'actual malice.' Id. Actual malice refers to deliberate or reckless falsification, not to ill will or malice in the ordinary sense. *Biro v. Conde Nast*, 963 F.Supp.2d 255, 276 (S.D.N.Y. 2013) It means publication with knowledge that the statement was false. *Albert v. Loksen,* 239 F. 3d 256, 272 (2d Cir. 2001). A party forfeits qualified immunity by making a statement with knowledge that it was false. *Id*.

Defendant contends in his counterclaim that Plaintiff knowingly made statements she knew were false to a co-worker and members of management accusing him of engaging in criminal conduct by sexually assaulting her. It follows that if Defendant can show Plaintiff made defamatory statements knowing they were not true, Plaintiff will not be entitled to the protection of Title VII.

**b. <u>New York State Human Rights Law</u>**

Plaintiff cites to only one New York case in support of her argument that Defendant's counterclaim for slander is prohibited by the New York State Human Rights Law. However, the sole New York case cited by Plaintiff, *Forrest v. Jewish Guild for the Blind*, 3 N.Y. 3d 295 (2004) is not on point. In fact, the Court in that decision found, "No triable issue of fact exists that plaintiff engaged in a protected activity--that is, opposing or complaining about unlawful discrimination… ." *Id.* at 313. Having decided that plaintiff had failed to allege a *prima facie* claim for retaliation, it was not necessary for the Court to reach the issue of whether plaintiff's complaints opposing discrimination were absolutely privileged or only protected by a qualified privilege.

In New York, however, absolute immunity from claims of defamation "applies only to a proceeding in court or one before an officer having attributes similar to a court." *Stega v. New York Downtown Hosp.*, 31 N.Y.3d 661, 670 (2018). "[S]tatutory provisions prohibiting retaliatory conduct do not confer, upon bad-faith complainants making false discriminatory related charges, absolute immunity from defamation actions that may arise from those charges." *Herlihy v. Metropolitan Museum of Art*, 214 A.D. 2d 250, 257 (1st Dept. 1995). Under New York law, as under federal law, statements opposing discrimination are protected by a qualified, not an absolute, privilege.

If Defendant can show Plaintiff made statements that constituted slander *per se* knowing they were not true, Plaintiff will also not be entitled to the protection of the New York Human Rights Law.

Therefore, the Plaintiff is not entitled to have Defendant's counterclaim dismissed on the ground that the Plaintiff's alleged statements to management and a co-worker were privileged.

**B. DEFENDANT HAS SUFFICIENTLY PLED A CAUSE OF ACTION FOR SLANDER PER SE**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the pleadings stage, a party need not include detailed factual allegations to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). On a Rule 12(b)(6) motion, the court may consider, in addition to the pleadings, documents that the plaintiff knew about and relied upon in bringing the claim. *DiFolco v. MSNBC Cable LLC,* 622 F. 3d 104, 111 (2nd Cir. 2010); *Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 153 (2nd Cir., 2002).

A complaint alleging slander is adequate if it contains sufficient facts to give the court notice of the remarks alleged to have been spoken. *Taub v. Amana Imports, Inc.*, 140 A.D. 2d 687, 689 (2ND Dept.

1988). To survive a motion to dismiss a cause of action for defamation pursuant to Fed. R. Civ. Pro. 12(b)(6), the actual words spoken need not be set forth with particularity at the pleadings stage. *Harding v. Dorilton Capital Advisors LLC*, 22-CV-01726 (CM) 2022 WL 10650256 at *12 (S.D.N.Y. Oct. 18, 2022).

Under New York law, a statement constitutes slander *per se* if it is false, published to a third party, concerning the person bringing the cause of action, accusing such person of a serious crime or likely to cause injury to the person in his employment. *Albert v. Loksen*, 239 F.3d 256, 265-66 (2d Cir. 2001); *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992).

Plainly, the Counterclaim, when read with the allegations in the Complaint, and those in the Answer, alleges that the sexual assault never occurred and therefore, plaintiff's publication of such a lie to a co-worker and members of management would constitute slander *per se*. Therefore, the counterclaim is, on its face, not baseless.

Defendant is unaware of the details of the discussions Plaintiff had with co-workers and management, other than what Plaintiff has set forth in her complaint. With discovery, however, Defendant intends to show that Plaintiff slandered him, not by commencing the instant action, but by broadcasting malicious lies prior to commencing the action.

However, as detailed below at the conclusion of this Memorandum, if the court should determine that the counterclaim is deficient, Defendant respectfully requests the opportunity to amend the answer to remedy the lack of specificity in the counterclaim. Additionally, if the court finds it necessary, Defendant also requests leave to amend the answer so as to change the general denials to paragraph 37 and the subsequent paragraphs of the complaint which set forth conversations which supposedly occurred without Defendant being present, to allegations that Defendant lacks knowledge or information sufficient to form a belief as to their truth or falsity.

**C. DEFENDANT'S COUNTERCLAIM IS NOT BARRED BY NEW YORK'S ANTI-SLAPP STATUTE**

Plaintiff next argues that New York's anti-SLAPP statute bars Defendant's counterclaim and therefore Defendant is entitled to the costs and attorney fees of her motion to dismiss.

But New York's anti-SLAPP statute does not bar a party's claim. *Carroll v. Trump*, 590 F. Supp. 3rd 575, 582 (S.D.N.Y. 2022); *ImageTrend, Inc., v. Locality Media, Inc.*, 22-CV-0254 (WMW)(DTS), 2022 WL 17128009 at *2 (D. Minn. Nov. 22, 2022) (applying New York law). Denying the defendants' motion to dismiss the complaint on the ground that it violated the anti-SLAPP stature, the court in *ImageTrend* held, "To put it another way, assuming that the facts are as plaintitff claims them to be, nothing in the anti-SLAPP law would defeat [a plaintiff's] complaint." *Id.* (quoting *Trump* at 582).

Plaintiff argues, without any citations to precedent, that the counterclaim violates the SLAPP law's provisions protecting "public petition and participation." Plaintiff's Memo to Dismiss at p. 11. Plaintiff writes, the "filing of this lawsuit against Defendant Kaja involves public petition and participation." *Id.* However, Defendant's counterclaim does not allege he was defamed by Plaintiff's filing of a lawsuit. Rather, the counterclaim targets remarks Plaintiff alleges she made before the complaint was filed.

Plaintiff goes on to contend, "The Counterclaim does not allege any facts.... that would support a plausible contention that the Plaintiff acted with malice...." Plaintiff's memo at p. 11. However, the anti-SLAPP statute does not require malice in the sense of ill-will or animosity. *Kesner v. Buhl*, 590 F. Supp. 3d 680, 694 (S.D.N.Y. 2022). To adequately plead malice under the anti-SLAPP statute, a party must allege that a statement was made with knowledge that it was false. *Khalil v. Fox Corporation*, 21-Civ-10248 (LLS), 2022 WL 4467622 at *9 (S.D.N.Y. Sept. 26, 2022).

Clearly, Defendant alleges in his counterclaim, that if the Plaintiff told a co-worker or management that Defendant had sexually assaulted her, such a remark was knowingly false. Thus, Defendant's counterclaim should not be dismissed on the ground that it violated the provisions of New York's anti-SLAPP law, and therefore Plaintiff is not entitled to attorney fees and costs for bringing the instant motion to dismiss.

**D. PURSUANT TO CPLR 203(d) DEFENDANT'S COUNTERCLAIM WAS TIMELY**

As Defendant's counterclaim is based on State law, the New York statute of limitation governs his counterclaim. *Estate of Mandarino v. Mandarino*, 699 F. Supp. 2d 646, 652 (S.D.N.Y. 2010); *Meridien Int'l Bank Ltd. v. The Government of the Republic of Liberia*, 23 F. Supp. 439, 448 (S.D.N.Y. 1998).

In New York, the party seeking dismissal of a cause of action pursuant to CPLR 3211(a) on the ground that it is barred by the applicable statute of limitations bears the initial burden of establishing *prima facie* showing that the time within which to sue has expired. *Farro v. Schochet*, 190 A.D. 3d 698 (2nd Dept. 2021). The burden then shifts to the non-moving party to raise a question of fact as to whether the statute of limitations was tolled or whether the cause of action was otherwise timely commenced. *Star Auto Sales of Queens, LLC v. Filardo*, 203 A.D. 3d 865, 866-67 (2d Dept. 2022).

The statute of limitations for a counterclaim begins to run when the claim accrues and the period concludes when it is interposed. *Farro*, *supra*, 190 A.D.3d at 699. CPLR 203(d) provides that a counterclaim is interposed when a pleading containing it is served, and further specifically provides that a defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed. *Farro*, *Id*., *citing to Matter of Jenkins v. Astorino*, 155 A.D. 3d 733, 736 (2nd Dept. 2017) *and to Balanoff v. Doscher*, 140 A.D. 3d 995, 996 (2nd Dept.

2016); *Cf. Riddell Sports Inc. v. Brooks*, 872 F. Supp. 2d 73, 77 (S.D.N.Y. 1995). ("Causes of action that accrue to a defendant after the filing of the complaint are not tolled by CPLR 203(d).").

Defendant alleges in his counterclaim that if Plaintiff told members of management and a co-worker that she had been sexually assaulted by Defendant, that would constitute slander because, Defendant contends, it is totally false and malicious. Defendant's counterclaim for slander accrued when Plaintiff allegedly uttered them, in March 2021, approximately eleven months before filing her complaint against Defendant. As the complaint was filed less than one year after the alleged publication, Defendant's counterclaim is not barred by the one-year statute of limitations, even without the tolling provisions of CPLR 203(d). Rather, the counterclaim was, pursuant to CPLR 203(d), timely commenced because it was timely on the date Plaintiff commenced the action against Defendant.

Despite the clear and unambiguous language of the statute, Plaintiff argues that section 203(d) only applies to counterclaims having "a tight nexus" to the allegations in the complaint. Plaintiff does not, however, cite to any New York court cases in support of her construction of the statute. The two federal trial court cases she cites are not on point.

In *Est. of Mantle v. Rothgeb*, 537 F. Supp. 2d 533, 544 (S.D.N.Y. 2008), the issue before the court was not whether the counterclaim was timely commenced on the date the complaint was filed. The attorneys in *Rothgeb* stipulated that the counterclaim was not timely at the time the plaintiff commenced the action. The issue before the court was whether the counterclaim was tolled.

In the other federal case cited by Plaintiff, *Macaluso v. U.S. Life Ins. Co.*, No. 03-CV-2337, 2004 WL 1497606 at *1 (S.D.N.Y. July 2, 2004), the parties similarly stipulated that the

counterclaim was time-barred on the date the complaint was filed. "Both parties agree that due to the elapse of twelve years, [defendant] would be barred by any applicable statute of limitations...." *Macaluso* at *7. The court reasoned that although the counterclaim would ordinarily be time barred, the tolling provision of CPLR 203(d) would save it if there was a nexus between the claims in the complaint and the counterclaim. *Id.*

Therefore, the court should not dismiss the counterclaim on the basis of timeliness.

**E. THE COURT SHOULD NOT DECLINE TO EXERCISE ANCILLARY JURISDICTION OVER DEFENDANT'S COUNTERCLAIM**

Plaintiff relies on only one case, *Sanders v. New World Design Build, Inc.*, No. 19-CV-1071 (VSB), 2020 WL 1957371 at *1 (S.D.N.Y. Apr. 23 2020) in support of her argument that the court cannot exercise supplemental jurisdiction over Defendant's counterclaim. However, the counterclaim in that action was dismissed by the court because it failed to satisfy the requirement that it "derive from a common nucleus of operative fact" with the allegations in the complaint. Id. at *2. The court found, "Defendants' counterclaims do not arise out of the same transaction or occurrence as the main claim: rather, they arise out of the institution of the instant legal proceedings and statements allegedly made in connection therewith." Id. at *3.

In *Sanders*, the defendants alleged that plaintiff had made slanderous remarks about them after filing the court action. The allegedly defamatory remarks could not have been related to the incidents that formed the basis of the court action because the remarks were alleged to have been spoken after the Plaintiff brought the action. By contrast, Defendant in the instant action alleges that remarks Plaintiff made at the time of the alleged incident are defamatory. Defendant does not allege that anything Plaintiff said about her lawsuit was actionable. Defendant claims remarks Plaintiff made at the time of the incidents were slanderous. The remarks that form the basis of the counterclaim are the same remarks set forth by Plaintiff in the complaint.

Apparently Plaintiff believed her remarks were pertinent to her causes of action. It seems contradictory for Plaintiff to now argue that the statements have no nexus to her claims.

Additionally, and as stated above, Plaintiff invokes the court's ancillary jurisdiction over Defendant for each and every one of the six claims Plaintiff asserts against Defendant in the Complaint. It is respectfully submitted that Plaintiff should not be permitted to have the court refuse to exercise the same discretion over Defendant's one claim against Plaintiff as Plaintiff wants the court to exercise over her six claims against Defendant.

**F. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT TO ADD A CAUSE OF ACTION FOR RETALIATION SHOULD BE DENIED FOR FUTILITY**

The court has broad discretion in determining whether to grant a motion to amend. *Local 802 v. Parker Meridien Hotel,* 145 F. 3d 85, 89 (2nd Cir. 1998). The motion to amend should be denied as futile when, "granting leave to amend is unlikely to be productive," *Ruffolo v. Oppenheimer & Co.*, 987 F. 2d 129, 131 (2d Cir. 1993), or when the proposed claim would, in any event, fail. *Whimsicality, Inc. v. Battat*, 27 F. Supp. 2d 456, 465 (S.D.N.Y. 1998).

Defendant Kaja does not oppose Plaintiff's motion to add an additional defendant. Because it is early in the litigation of the action, and there has been no discovery, the amendment will not prejudice Kaja. See, *Block v. First Blood Assocs*., 988 F. 2d 344, 350 (2d Cir. 1993) (affirming the granting of defendants' motion to amend its answer more than four years after the complaint was filed.)

However, Plaintiff's application to add a cause of action for retaliation should be denied on the basis of futility. A district court has discretion to decide to deny leave for futility. *Carroll v. Trump,* 590 F. 3d 575, 578 (S.D.N.Y. 2022). In making that decision, the court must evaluate the legal sufficiency of the proposed amendment. *Id.*

**a. <u>A Counterclaim Does Not Constitute Retaliation Under New York Law</u>**

Under New York law, to sustain a claim for retaliation, a party must allege that, among other things, he or she suffered an adverse employment action as a result of the protected activity. *Forrest v. Jewish Guild for the Blind*, 3 N.Y. 4d 295, 312-13 (2004.) "An adverse employment action requires a materially adverse change in the term and conditions of employment." *Id* at 306. As held by the court in *Fischkoff v. Iovance Biotherapeutics, Inc.*, 17-CV-5041 (AT)(GWG), 2018 WL 4574890 at *6 (S.D.N.Y. July 5, 2018), "the filing of counterclaims after the termination of plaintiff's employment does not constitute an adverse employment action under the [New York] statute."

Tellingly, Plaintiff does not cite to any New York authority for her assertion that Defendant's counterclaim could be found to be retaliatory under New York law. Nevertheless, a New York case that addresses the issue is *Klein v. Town & Country Fine Jewelry Group, Inc.*, 283 A.D. 2d 368 (1st Dept. 2001). In *Klein*, the New York appellate court denied a motion by the plaintiff to amend the complaint for employment discrimination to add a cause of action for retaliation against her former supervisor who interposed a counterclaim for libel in his answer. The court, quoting *Glass v. IDS Financial Services, Inc.*, 778 F. Supp 1028, 1062, n.53 (D. Minn. 4th Div. 1991), "anti-retaliation provisions... are designed principally to deal with retaliatory conduct that occurs outside the judicial system." *Klein* at 368, held, "There being no ...reason to believe that the interposition of the counterclaim in any way chilled plaintiff's exercise of her rights, her claim of retaliation should not be entertained." *Id.*

In a second New York appellate court decision, *Arevalo v. Burg*, 129 A.D. 3d 417 (1st Dept. 2015) the New York appellate court reiterated the rule that a counterclaim for defamation does not constitute retaliation by affirming the trial court's denial of leave to amend a complaint

to add a claim for retaliation. *Accord., Wender v. GA Global Markets, LLC*, 147 A.D. 3d 663, 664 (1st Dept. 2017). Although *Arevalo* was brought for unpaid overtime wages, the court nevertheless cited *Klein* as precedent, stating that the analysis of whether a counterclaim constituted retaliation was the same under the New York discrimination laws and the labor laws.

As New York courts do not recognize a cause of action for retaliation based on the interposition of a counterclaim, Plaintiff's motion to amend the complaint to add a cause of action for retaliation should be denied as futile unless federal law supports such a claim.

**b. A Counterclaim Asserted by an Individual Defendant Does Not Constitute Retaliation Under Federal Law**

Although Plaintiff did not, in her original complaint, contend that Defendant could be found liable for retaliation under Title VII for allegedly sexually harassing her, she now contends that Defendant can be liable to her for retaliation under Title VII for interposing a counterclaim.

In this circuit, Title VII claims for discrimination cannot be asserted against individual defendants. *Douyon v. N.Y.C. Dept. of Education*, 665 Fed. Appx. 54, n. 3 (2d. Cir. 2016); *Patterson v. County of Oneida, N.Y.* 375 F. 3d 206, 221 (2d Cir. 2004); *Tomka v. Seiler Corp.*, 66 F. 3d 1295, 1313 (2d. Cir. 1995).

The rule applies to Title VII retaliation claims, also. Retaliation claims brought pursuant to Title VII cannot be brought against individuals. *Harding v. Dorilton Capital Advisors, LLC*, 22-CV-01726 (CM), 2022 WL 10650256 at *5 (S.D.N.Y. Oct. 18, 2022); *Ulrich v. Soft Drink, Brewery Workers & Delivery Emps.*, 425 F. Supp. 3d 234, 240 (S.D.N.Y. 2019); *Percy v. New York (Hudson Valley DDSO)*, 264 F. Supp. 3d 574, 595 (S.D.N.Y. 2017).

In fact, in her Complaint, Plaintiff's second cause of action, brought for retaliation under Title VII, specifically states, "NOT AGAINST INDIVIDUAL DEFENDANTS." Despite apparently having knowledge that Title VII retaliation claims do not apply to Defendant because

he is an individual, Plaintiff now argues that Defendant, the same individual, may be found liable for retaliation under Title VII for interposing a counterclaim. But the provisions of Title VII do not apply to individual defendants.

Therefore, Plaintiff's motion to amend the complaint to add a cause of action for retaliation against the individual defendant Kaja should be denied as futile.

### G. SHOULD THE COURT FIND DEFENDANT'S COUNTERCLAIM DEFICIENT, LEAVE TO AMEND SHOULD BE GRANTED

The usual practice in this circuit is to give a party leave to amend the claim when a motion to dismiss is granted. *Thai v. Cayre Group, Ltd.*, 726 F. Supp. 2d 323, 338 (S.D.N.Y. 2010) (citing *Hayden v. County of Nassau*, 180 F. 3d 42, 53 (2nd Cir. 1999)).

Leave to amend a pleading should be freely granted when justice so requires, *Kim v. Kimm*, 884 F. 3d 98, 105 (2nd Cir. 2018), so long as a request is made and the party sets forth what additional allegations would be made. *Horoshko v. Citibank, N.A.*, 373 F. 3d 248, 249-50 (2d Cir. 2004).

Defendant's counterclaim is based on allegations set forth by Plaintiff in the complaint. Plaintiff alleges she made verbal complaints to a co-worker that Defendant sexually molested her. Plaintiff further claims she made similar complaints to management.

In his counterclaim, Defendant purported to allege that any such statements Plaintiff claims she made to a co-worker and members of management were lies. As such, if they were in fact made by Plaintiff, which Defendant cannot say because they are not alleged to have been made in his presence, they were made with actual malice and therefore, slanderous.

Plaintiff argues, at page 9 of her memo of law in support of dismissal, that by Defendant denying in his answer to the complaint that Plaintiff made any such slanderous statements, the counterclaim must be dismissed with prejudice because of this contradiction. However, the cited

paragraphs of the answer were merely interposed in the nature of a general denial. If the court, however, finds that the contradiction is fatal to Defendant's counterclaim, Defendant also requests leave amend the answer to change the Defendant's responses to paragraphs 37, and many of the succeeding paragraphs,[3] from general denials to responses that specify that Defendant denies the truth of what Plaintiff alleges she said but lacks sufficient knowledge to admit or deny whether Plaintiff had such discussions.

## III. CONCLUSION

FOR THE FOREGOING REASONS, DEFENDANT KAJA RESPECTFULLY SUBMITS THAT PLAINTIFF'S MOTIONS TO DISMISS DEFENDANT'S COUNTERCLAIM AND TO AMEND THE COMPLAINT SHOULD BE DENIED IN THEIR ENTIRETY.

Dated: December 9, 2022

Respectfully submitted,

________/S/_____________
Arthur H. Forman
98-20 Metropolitan Avenue
Forest Hills, New York 11375
Tel: 718-268-2616

*Attorney for Defendant Kaja*

[3] Defendant's proposed amendment is complicated by Plaintiff's interchangeable use of the words "Defendant" and "Defendants"to sometimes refer to Kaja, sometimes to the co-defendant, and sometimes to both. *See,* e.g. ¶¶ 53, 54, 57, and 61 of the Complaint.

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent by regular mail, unless otherwise indicated below, this day to each of the following:

Seamus Barrett, Esq.
Derek Smith Law Group, PLLC
One Penn Plaza, Suite 4905
New York City, NY 10119

and email: seamus@dereksmithlaw.com

December 9, 2022

__________/S/_________
Arthur H. Forman