UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/19/2024
```

ZENA DOBRYAKOV,

                Plaintiff,

-against-

BRICKHOUSE FOOD LLC and NERTILA KAJA a/k/a JOHN KAJA,

                Defendants.

No. 22-cv-01390 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Zena Dobryakov commenced the present action against Defendant Brickhouse Food LLC[1] ("Brickhouse") and Defendant Nertila Kaja a/k/a John Kaja ("Kaja") (together, "Defendants") alleging Defendants harassed, sexually assaulted, and discriminated against her, as well as subjected her to a hostile work environment, wrongful termination, and retaliation. Defendant Kaja asserts a counterclaim for defamation for statements Plaintiff allegedly made to his employer about the alleged sexual assault. Presently before the Court is Plaintiff's (1) motion to amend her Complaint ("Pl. Mot. to Amend," ECF No. 27) and (2) motion to dismiss Defendant Kaja's counterclaim for defamation pursuant to Fed. R. Civ. P. 12(b)(6) ("Pl. Mot. to Dismiss," ECF No. 28).

    For the following reasons, Plaintiff's motion to dismiss is granted and her motion to amend her Complaint is granted in part and denied in part.[2]

---

[1] As of the date of this Opinion & Order, Defendant Brickhouse has not appeared or otherwise responded to Plaintiff's Complaint.

[2] Plaintiff styles her motion as a "Motion to Dismiss and/or Motion for Judgment on the Pleadings and/or for Summary Judgment." (Pl. Mot. to Dismiss at 2.) The Court notes that the "same standard applicable to motions to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), applies to motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Butnick v. Gen. Motors Corp.*, 472 F. App'x 80, 82 (2d Cir. 2012) (citing *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir.2010)) (cleaned up). The Court further notes that at this stage, prior to discovery and without notice to Defendant, summary judgment is inappropriate. *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (summary judgment inappropriate before parties have had the opportunity to conduct discovery). Accordingly, the Court analyzes Plaintiff's motion applying the standard of Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## BACKGROUND

### I. Procedural Background

On February 18, 2022, Plaintiff commenced the instant action by filing her Complaint alleging Defendants harassed, sexually assaulted, and discriminated against her, as well as subjected her to a hostile work environment, wrongful termination, and retaliation. (*See* Compl. at 1.) Plaintiff's Complaint asserts the following claims against Defendant Kaja: (1) discrimination and hostile work environment under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(1); (2) retaliation under the NYSHRL, N.Y. Exec. Law § 296(7); (3) aiding and abetting under the NYSHRL, N.Y. Exec. Law § 296(6); intentional and negligent infliction of emotional distress; (4) assault and battery; and (6) action by victim of conduct constituting certain sexual offenses, forcible touching, and sexual abuse in the first-degree, C.P.L.R. § 213-c, N.Y. Penal Law §§ 130.52, 130.65. (*Id.* ¶¶ 75-102.) Plaintiff asserts the latter four causes of action against Defendant Kaja individually. (*Id.*)

On June 13, 2022, Defendant Kaja filed an Answer to Plaintiff's Complaint, which included a Counterclaim for defamation, plead as both libel and slander. ("Def. Answer and Counterclaim," ECF No. 13.) On July 28, 2022, the Court granted Plaintiff leave to file a (1) motion to dismiss Defendant Kaja's counterclaim; (2) motion to amend her Complaint; and (3) motion for sanctions.[3] (ECF No. 19.) On January 9, 2023, Defendant Kaja filed his Opposition to Plaintiff's motion. ("Def. Opp.," ECF No. 24.) On April 24, 2023—after initially incorrectly filing her papers on January 10, 2023—Plaintiff correctly filed her Motion to Amend ("Pl. Mot. to Amend.," ECF No. 27) and Motion to Dismiss ("Pl. Mot. to Dismiss," ECF No. 28).

---

[3] As of the date of this Opinion & Order, Plaintiff has not filed a separate motion for sanctions. Fed. R. Civ. P. 11(c) ("A motion for sanctions must be made separately from any other motion and must describe specific conduct that allegedly violates Rule 11(b).").

### II. Factual Background

The following facts are drawn from the allegations in Defendant Kaja's Answer and Counterclaim and are accepted as true and construed in the light most favorable to Defendant Kaja for purposes of Plaintiff's motion to dismiss. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Oteze Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005).

Defendant Kaja alleges Plaintiff made defamatory statements by orally communicating and publishing "false statements to various third parties without privilege or authorization." (Answer and Counterclaim ¶¶ 111-13.) Defendant Kaja further alleges Plaintiff made these statements to his employer, and acted "willfully, knowingly, and with malice, ill will, and in bad faith." (*Id.*¶¶ 114-15.) Finally, Defendant Kaja alleges Plaintiff made allegations of "criminality and/or false facts that tend to injure [Defendant Kaja] in his business, trade, or profession." (*Id.*¶ 116.) For relief, Defendant Kaja seeks monetary damages.

## LEGAL STANDARD

### I. Motion to Amend Complaint

A party may amend a pleading once as a matter of course or at any time before trial with leave of the court. Fed. R. Civ. P. 15(a)(1)-(2). When a party seeks leave to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, the Court may deny leave to amend for "[r]easons [of] . . . undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp,* 654 F.2d 843, 856 (2d Cir. 1981) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)) ("In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'")).

**II. Motion to Dismiss**

Defendants are entitled at the pleadings stage to "state as many separate claims or defenses as they have, regardless of consistency." Fed. R. Civ. P. 8(d)(3). "A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Radiancy, Inc. v. Viatek Consumer Prod. Grp., Inc.*, 138 F. Supp. 3d 303, 313 (S.D.N.Y. 2014). To survive a 12(b)(6) motion to dismiss, "a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Factual allegations must "nudge [a plaintiff's] claim from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable for the unlawful activity alleged. *Iqbal*, 556 U.S. at 678. "In considering a motion to dismiss for failure to state a claim, the district court is normally required to look only to the allegations on the face of the [counterclaim] . . . the court may [also] consider documents that are attached to the [counterclaim], incorporated in it by reference, [or] integral to the [counterclaim]." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quotation marks omitted).

In assessing the sufficiency of the claims, the court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). While legal conclusions may provide the "framework of a [counterclaim]," "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79. "[T]he tenet that a court must accept as true all of the allegations contained in a [counterclaim] is inapplicable to legal conclusions." *Id.* at 678.

## DISCUSSION

### I. Motion to Amend Plaintiff's Complaint

Plaintiff seeks leave to amend her Complaint to (1) include facts to allege a cause of action against Defendant Kaja for retaliation under NYSHRL and Title VII and (2) add a corporate defendant, which Plaintiff alleges is the alter ego and/or successor-in-interest of Defendant Brickhouse. (Pl. Amend. Compl. at 1, 3-6.) Along with her motion to amend her Complaint, Plaintiff also filed a Proposed Amended Complaint. ("PAC," ECF No. 27, Attachment A.) Defendant Kaja does not oppose the Court granting Plaintiff leave to amend her Complaint to add an additional defendant.[4] However, Defendant argues the Court should deny Plaintiff leave to amend her Complaint to add a retaliation claim because such claim is futile.

A district court may deny leave to amend when amendment would be futile because the problem with the claim "is substantive [and] better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Milanese v. Rust—Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility."). A proposed amendment is "futile" and thus must be denied where it "fail[s] to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Thea v. Kleinhandler*, 807 F.3d 492, 496–97 (2d Cir. 2015) (internal quotation marks and citation omitted). Thus, a court should deny a motion to amend if it does not contain enough factual allegations, accepted as true, to state a claim for relief that is "plausible on its face." *Riverhead Park Corp. v. Cardinale,* 881 F. Supp. 2d 376, 379 (E.D.N.Y. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (denying motion to add claims as futile).

---

[4] As noted above, Defendant Brickhouse has not appeared or otherwise filed a responsive pleading to Plaintiff's Complaint and has not filed any papers opposing Plaintiff's motion to amend her pleadings.

Here, Plaintiff seeks to allege facts to support a claim of retaliation against Defendant Kaja on the grounds that his Counterclaim is frivolous and actionable retaliation "reasonably likely to deter protected activity." (Pl. Mot. to Amend. at 4 (citing EEOC Compliance Manual Section 8: Retaliation (http://www.eeoc.gov/policy/compliance.html), at 8-13, 8-14).) Specifically, Plaintiff seeks to amend her complaint to plead two additional paragraphs: (1) "On June 13, 2022, because of this lawsuit Defendant KAJA filed an Answer and Counterclaim (Dkt. #13, the "Counterclaim") alleging a conclusory and factually unsupported counterclaim against Plaintiff for slander, libel and defamation per se."; and (2) "The Counterclaim was filed solely in an effort to retaliate against and improperly intimidate Plaintiff for engaging in the protected activity of naming KAJA as a defendant in this lawsuit." (PAC ¶¶ 64-65.) Defendant Kaja responds that the interposition of a counterclaim does not constitute an adverse employment action under the NYSHRL and individual defendants are not subject to Title VII retaliation claims. (Def. Opp. at 18-20.)

To assert a claim for retaliation under the Title VII or NYSHRL, a plaintiff must plausibly allege: "(1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007); *see also Farmer v. Shake Shack Enterprises, LLC*, 473 F. Supp. 3d 309, 331 (S.D.N.Y. 2020) (applying the same standard for retaliation under the NYSHRL and Title VII). The Second Circuit has determined that "an adverse employment action" may include actions that could "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Leary v. Al-Mubaraki*, No. 18-CV-0048-LTS-HBP, 2019 WL 4805849, at *8 (S.D.N.Y. Sept. 30, 2019) (citing *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). Because Plaintiff's proposed amendments fail to plausibly state a claim for retaliation under Title VII or the NYSHRL, the Court determines such amendments are futile and declines to grant Plaintiff leave to amend her Complaint to add a retaliation claim.

Plaintiff's proposed claim against Defendant Kaja for retaliation under the NYSHRL and Title VII is futile— Plaintiff fails to allege sufficient factual allegations to plausibly state a claim. As outlined above, Plaintiff only identifies two new paragraphs to support her retaliation claim. In these paragraphs, Plaintiff fails to allege any supporting factual allegations and instead merely asserts legal conclusions—that Defendant's Counterclaim "was filed solely in an effort to retaliate against [her] and improperly intimidate" (PAC ¶ 65). *See Douramanis v. Dur-Am. Brokerage Inc.*, No. 20-CV-5825 (VSB), 2021 WL 961761, at *2 (S.D.N.Y. Mar. 15, 2021) (denying plaintiff's motion to amend her complaint where plaintiff did not allege any factual allegations in support); *Fischkoff v. Iovance Biotherapeutics, Inc.*, No. 17CIV5041ATGWG, 2018 WL 4574890, at *6 (S.D.N.Y. July 5, 2018) (plaintiff's New York Labor Law claim fails because "[p]laintiff has not . . . alleged that the filing of counterclaims . . . disadvantaged him in any way"); *Arevalo v. Burg*, 129 A.D.3d 417, 417, 10 N.Y.S.3d 231 (2015) ("[P]laintiff's proposed retaliation claim is insufficient because it contains no factual allegations that 'sufficiently suggest that [defendant]'s counterclaims could have a direct, adverse impact on [plaintiff]'s present employment or future employment prospects.'") (citation omitted); *c.f. Leary*, 2019 WL 4805849, at *8 (plaintiff plausibly alleged "adverse employment action" where he plead defendant's counterclaims negatively affected his reputation).

Accordingly, because Plaintiff's proposed amendments to her Complaint fail to plausibly state a claim and are therefore futile, the Court denies Plaintiff's motion regarding such amendments. However, because Plaintiff's proposed amendments to add an additional defendant are unopposed by Defendants, the Court grants such proposed amendments. The Court thus denies in part and grants in part Plaintiff's motion to amend with leave to renew.[5]

---

[5] Because Plaintiff's factual allegations are insufficient to plausibly state a claim, the Court declines to reach Defendant's substantive arguments opposing Plaintiff's leave to amend her Complaint to add a retaliation claim.

**II. Motion to Dismiss Defendant Kaja's Counterclaim**

Defendant Kaja asserts a counterclaim for defamation, plead as both libel and slander, against Plaintiff for communicating and publishing her allegations of sexual assault to her coworker and members of management. (Def. Opp. at 12.) Plaintiff raises five arguments in support of her motion to dismiss these claims: (1) Plaintiff's complaints about sexual assault and attempted rape are protected activities under Title VII and the NYSHRL; (2) Defendant Kaja fails to plead any facts to plausibly allege a *per se* libel or slander claim; (3) his Counterclaim violates New York's Anti-SLAPP law; (4) his Counterclaim is untimely; and (5) the Court lacks jurisdiction over his state common law Counterclaim. (Pl. Mot. to Dismiss at 2-5.) The Court agrees with Plaintiff that Defendant Kaja plead neither libel or slander with the requisite specificity, and therefore dismisses his counterclaims without prejudice.

"Defamation, consisting of the twin torts of libel and slander, is the invasion of the interest in a reputation and good name. Generally, spoken defamatory words are slander; written defamatory words are libel." *Albert v. Loksen,* 239 F.3d 256, 265 (2d Cir. 2001) (citations and internal quotation marks omitted). To state a claim for defamation under New York law, a plaintiff must allege: (i) a false statement of fact of and concerning the plaintiff, (ii) published to a third party without authorization or privilege, (iii) made with the applicable level of fault ("negligence or actual malice depending on the status of the [defamed] party") on the part of the publisher, (iv) that either caused special harm or constitutes defamation *per se. Electra v. 59 Murray Enters.*, 987 F.3d 233, 259 (2d Cir. 2021); *see Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 528 (2d Cir. 2018) (quoting *Albert*, 239 F.3d at 265–66).

A plaintiff must plead the defamatory statements with some particularity. N.Y. C.P.L.R. 3016(a) ("In an action for libel or slander, the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally.") (emphasis added).

8

Under Federal Rule of Civil Procedure 8's liberal pleading standards, this requires a plaintiff to "identify the allegedly defamatory statements, the person who made the statements, the time when the statements were made, and the third parties to whom the statements were published." *Neal v. Asta Funding, Inc.*, No. 13 CV 2176 VB, 2014 WL 3887760, at *3 (S.D.N.Y. June 17, 2014).

Here, Defendant Kaja fails to identify the specific defamatory statements, the time statements were made, and to whom the statements were published and communicated. Instead, Defendant Kaja merely recites the elements of slander and libel without any additional factual allegations to support his claim. (*See* Answer and Counterclaim ¶¶ 111-16.) As Plaintiff's argue, Defendant Kaja's "conclusory recitation of the elements of the cause of action entirely fail to state a claim" for libel or slander. (Pl. Mot. to Dismiss at 9.) In his Opposition, Defendant Kaja even admits he "is unaware of the details of the discussions Plaintiff had with co-workers and management, other than what Plaintiff has set forth in her [C]omplaint." (Def. Opp. at 12.) Despite this shortcoming, Defendant Kaja alleges that "with discovery" he will be able to show Plaintiff defamatory actions. (*Id.*) However, discovery to uncover Plaintiff's alleged defamatory statements is inappropriate where Defendant Kaja has put forth zero factual allegations to support his counterclaim and attempts to rely solely on the allegations in the Complaint. *Caulfield v. Imagine Advisors, Inc.*, No. 07 CIV. 1257 (DC), 2007 WL 4615504, at *10 (S.D.N.Y. Dec. 27, 2007) (where plaintiff "ma[de] no effort" to identify defamatory words, "it would be inappropriate to permit [plaintiff] to engage in discovery to find support now for allegations that should not have been made in the absence of support in the first place.").

As Defendant Kaja has failed to plead libel or slander with the requisite particularly, the Court dismisses his defamation claim without prejudice. *Swanhart v. Jackson*, No. 20 CIV. 6819 (NSR), 2023 WL 4534638, at *13 (S.D.N.Y. July 13, 2023) (dismissing defamation claim for "fall[ing] short of the requisite pleading requirements"). Because the Court dismisses Defendant Kaja's Counterclaim on this ground, it does not reach any other grounds for dismissal.

## CONCLUSION

The Court GRANTS in part and DENIES in part Plaintiff's motion to amend. The Court grants Plaintiff leave to amend her Complaint to add an additional defendant. The Court denies, with leave to renew, Plaintiff's motion to amend her Complaint to add factual allegations to state a claim of retaliation against Defendant Kaja pursuant to the NYSHRL and Title VII.

The Court GRANTS Plaintiff's motion to dismiss. Defendant Kaja's Counterclaim is dismissed without prejudice. Defendant Kaja is granted leave to file an Amended Answer and Counterclaim by February 16, 2024. If Defendant Kaja chooses to do so, Plaintiff is directed to answer or otherwise seek leave to move in response to the Amended Answer and Counterclaim no later than March 15, 2024. Defendant Kaja is advised that the Amended Answer and Counterclaim will replace, not supplement, the Answer and Counterclaim, and so any claims or amendments he wishes to pursue must be included in, or attached to, the Amended Answer and Counterclaim. Failure to timely amend will result in claims previously dismissed without prejudice being deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the action at ECF Nos. 27 and 28.

SO ORDERED.

Dated:   January 19, 2024　　　　　　　　　　　　SO ORDERED:
　　　　　 White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge